UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
: CONSENT PRELIMINARY ORDER
- v. -  OF FORFEITURE AS TO
: SUBSTITUTE ASSETS/
RONALD BAUER, MONEY JUDGMENT
:
           Defendant.
                                                    22 Cr. 155 (PAE)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about March 10, 2022, RONALD BAUER (the "Defendant"), among others, was charged in a nine-count Indictment, 22 Cr. 155 (PAE) (the "Indictment"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Three through Seven); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Eight); and conspiracy to commit concealment money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Nine);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property is unable to be located or obtained, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about March 29, 2024, on behalf of the Defendant, Defendant's attorney, Aaron M. Katz, Esq. posted $125,000 cash bail (the "Posted Bail") towards a $5,000,000 court-ordered personal recognizance bond (the "Bond"), and the Posted Bail remain on deposit with the Clerk of Court (receipt number NYSCCA24-MAN000027880);

WHEREAS, the Bond was additionally secured by the following jewelry owned by the Defendant and currently held in escrow by Defendant's attorney, Aaron M. Katz, Esq.:

a. A diamond set "Cadenas" longchain necklace by Van Cleef & Arpels;

b. A 8.11 Carat brilliant-cut diamond ring by Stephen Webster;

c. A diamond set "Thorn" ring jacket by Stephen Webster;

d. A black diamond-set "Thorn" ring jacket by Stephen Webster; and

e. A yellow sapphire-set "Thorn" ring jacket by Stephen Webster

(a. through e., collectively, the "Substitute Assets");

WHEREAS, on or about _November 4, 2024_, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $4,377,228.74 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $4,377,228.74 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained (the "Money Judgment");

WHEREAS, the Defendant has completed a financial affidavit which was provided to the United States on or about October 17, 2024, and the Defendant has sworn, under penalty of perjury, that this affidavit is a true and accurate description of his current finances;

WHEREAS, upon exoneration of the Bond, the Defendant and, to the extent necessary Defendant's attorney, Aaron M. Katz, consent, pursuant to Title 28, United States Code, Section 2044, to have $75,000 of the Posted Bail (the "Bail Funds") be applied towards the Money Judgment;

WHEREAS, the Defendant consents, pursuant to Title 21, United States Code, Section 853(p), to the forfeiture of the Substitute Assets to the United States as substitute assets to satisfy the Money Judgment;

WHEREAS, in the event the Substitute Assets have an appraised value below $925,000 (the "Minium Appraisal") based upon an independent appraisal conducted by Sotheby's (the "Sotheby's Appraisal"), the Defendant agrees to make a payment to the Government, on or before sentencing, in the amount of difference between the Minimum Appraisal and the Sotheby's Appraisal (the "Deficiency Payment");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Noah Solowiejczyk, Vladislav Vainberg, Matthew Shahabian, and Jason Richman, of counsel, and the Defendant and his counsel, Aaron M. Katz, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $4,377,228.74 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment is final as to the Defendant RONALD BAUER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. In accordance with Title 28, United States Code, Section 2044, the Clerk of the Court shall pay the Bail Funds, less the Clerk's fees, if any, to the United States in the form of a check payable to the United States Marshals Service which shall reference the Defendant's name and case number, and be delivered to the United States Attorney's Office, Southern District of

New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278.

4. The Defendant shall make the Deficiency Payment, if necessary, on or before the Defendant's sentencing.

5. Upon receipt of the Bail Funds, a Final Order of Forfeiture with respect to the Substitute Assets and the Deficiency Payment, if necessary, the Government shall deem the Money Judgment to be fully satisfied.

6. In the event the Government does not receive the Bail Funds, a Final Order of Forfeiture with respect to the Substitute Assets is not entered, or if the Defendant fails to make the Deficiency Payment as required, the entire Money Judgment shall be due and the United States may take action pursuant to Title 21, United States Code, Section 853(p) up to the entirety of the outstanding Money Judgment.

7. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number. Notwithstanding the foregoing, the relinquishment to the United States Attorney's Office, Southern District of New York, of the jewelry that is presently being held to secure the Defendant's bond shall also be deemed a satisfactory payment toward the Money Judgment.

8. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

9. Upon entry of this Consent Preliminary Order of Forfeiture as to Substitute Assets, the United States (or its designee) is hereby authorized to take possession of the Substitute Assets and to hold such property in its secure custody and control.

10. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

11. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

12. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

13.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Substitute Assets forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

14.    Subject to the terms set forth above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

15.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

16.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

17. The signature page of this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____/s/_____     10/20/24
NOAH SOLOWIEJCZYK                        DATE
VLADISLAV VAINBERG
MATTHEW SHAHABIAN
JASON RICHMAN
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2473 / 1029 / 1046 / 2589

RONALD BAUER

By: _____[signature]_____     10/20/24
RONALD BAUER                             DATE

By: _____[signature]_____     10/20/24
AARON M. KATZ, ESQ.                      DATE
Attorney for Defendant
Aaron Katz Law LLC
399 Boylston Street
Boston, MA 02116

SO ORDERED:

____Paul A. Engelmayer_____     11/4/24
HONORABLE PAUL A. ENGELMAYER            DATE
UNITED STATES DISTRICT JUDGE