UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                    :
UNITED STATES OF AMERICA                                            :
                                                                    :    SECOND CONSENT
      - v. -                                                 :    PRELIMINARY ORDER OF
                                                                    :    FORFEITURE AS TO SUBSTITUTE
RONALD BAUER,                                                       :    ASSETS
                                                                    :
            Defendant.                                              :    22 Cr. 155 (PAE)
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

        WHEREAS, on or about March 10, 2022, RONALD BAUER (the "Defendant"), among others, was charged in a nine-count Indictment, 22 Cr. 155 (PAE) (the "Indictment"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Three through Seven); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Eight); and conspiracy to commit concealment money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Nine);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property is unable to be located or obtained, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about November 4, 2024, the Court entered a Consent Preliminary Order of Forfeiture of Substitute Assets/Money Judgment (the "Forfeiture Order"), imposing a forfeiture money judgment against the Defendant in the amount of $4,377,228.74 (the "Money Judgment"), representing proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, and forfeited to the United States all of the Defendant's right, title and interest in the certain pieces of jewelry as substitute assets to the Government to satisfy Defendant's Money Judgment obligation (the "Substitute Assets")(D.E 41);

WHEREAS, pursuant to the Forfeiture Order, the Defendant further agreed that the appraised value of the Substitute Assets would meet a minimum appraised value of $925,000 ("Minimum Appraisal") and that if the Minimum Appraisal was not reached Defendant would make a payment to the Government for the difference (the "Deficiency Payment");

WHEREAS, as set forth in the Forfeiture Order, the Defendant further agreed that to the extent necessary $75,000 of the $125,000 bond posted in this action would be used to satisfy the Money Judgment (the "Bail Funds");

WHEREAS, the appraised value of the Substitute Assets has not reached the Minimum Appraisal;

WHEREAS, to meet the Minimum Appraisal obligation the Defendant has consented, pursuant to Title 21, United States Code, Section 853(p), to the forfeiture of the following additional jewelry as substitute assets to the Government:

      a. One platinum and diamond ring featuring a cushion-cut diamond weighing 7.17 carats, accented by 38 round diamonds weighing a total of approximately 0.70 carats, with London hallmarks and maker's mark TD;

      b. One Platinum Eighteen Karat Gold and Fancy Yellow Diamond Ring featuring a cut-cornered rectangular modified brilliant-cut Fancy Yellow Diamond Weighing 3.14 carats, flanked by a pair of triangular-shaped diamonds weighing a total of approximately 0.80 carats.

(the "Additional Substitute Assets");

WHEREAS, on or before the date of Defendant's sentencing, to meet the Minimum Appraisal obligation the Defendant has agreed to make a payment in the amount of $18,500 in United States currency to the Government that will applied as a payment on the Money Judgment (the "Payment");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Additional Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Assistant United States Attorneys, Vladislav Vainberg, Matthew Shahabian, and Jason Richman, of counsel, and the Defendant and his counsel, Aaron M. Katz, Esq., that:

    1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Additional Substitute Assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Second Consent Preliminary Order of Forfeiture as to Substitute Assets is final as to the Defendant RONALD BAUER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Second Consent Preliminary Order of Forfeiture as to Substitute Assets, the United States (or its designee) is hereby authorized to take possession of the Additional Substitute Assets and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Additional Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Additional Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Additional Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the

Additional Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Additional Substitute Assets pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Additional Substitute Assets forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Upon entry of a Final Order of Forfeiture with respect to the Substitute Assets and the Additional Substitute Assets, the Payment and the application of the Bail Funds towards the satisfaction of the Money Judgment, the Defendant's Money Judgment will be fully satisfied.

9. Subject to the terms set forth above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

11. The Court shall retain jurisdiction to enforce this Second Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

12. The signature page of this Second Consent Preliminary Order of Forfeiture as to Substitute Assets be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By: *Matthew Shahabian*  3/24/25
VLADISLAV VAINBERG  DATE
MATTHEW SHAHABIAN
JASON RICHMAN
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-1029 / 1046 / 2589

RONALD BAUER

By: *[signature]*  MARCH 19, 2025
RONALD BAUER  DATE

By: *[signature]*  March 19, 2025
AARON M. KATZ, ESQ.  DATE
Attorney for Defendant
Aaron Katz Law LLC
399 Boylston Street
Boston, MA 02116

SO ORDERED:

*Paul A. Engelmayer*  3/25/2025
HONORABLE PAUL A. ENGELMAYER  DATE
UNITED STATES DISTRICT JUDGE