UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X

UNITED STATES OF AMERICA

    -v.-  :  **FINAL ORDER OF FORFEITURE**

RONALD BAUER,  :  22 Cr. 155 (PAE)

    Defendant.

------------------------------------- X

WHEREAS, on or about November 4, 2024, this Court entered a Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment (the "First Substitute Asset Order") (D.E. 41) which ordered the forfeiture to the United States of all right, title and interest of RONALD BAUER (the "Defendant") in the following miscellaneous jewelry owned by the Defendant and currently held in the escrow by the Defendant's attorney, including the following:

    a.    A diamond set "Cadenas" longchain necklace by Van Cleef & Arpels;

    b.    An 8.11 carat brilliant-cut diamond ring by Stephen Webster;

    c.    A diamond set "Thorn" ring jacket by Stephen Webster;

    d.    A black diamond-set "Thom" ring jacket by Stephen Webster; and

    e.    A yellow sapphire-set "Thom" ring jacket by Stephen Webster;

(a. through e., collectively, the "First Substitute Assets");

WHEREAS, on or about March 25, 2025, this Court entered a Consent Preliminary Order of Forfeiture as to Substitute Assets (the "Second Substitute Asset Order") (D.E. 57), which ordered the forfeiture to the United States of all right, title and interest of the Defendant in the following:

    a.    One platinum and diamond ring featuring a cushion-cut diamond weighing 7.17 carats, accented by 38 round diamonds weighing a total of approximately 0.70 carats, with London hallmarks and maker's mark TD; and

    b.    One platinum eighteen karat gold and fancy yellow diamond ring featuring a cut-cornered rectangular modified brilliant-cut fancy yellow diamond, weighing 3.14 carats, flanked by a pair of triangular-shaped diamonds weighing a total of approximately 0.80 carats;

(a. and b., together, the "Second Substitute Assets");

WHEREAS, the First Substitute Asset Order and Second Substitute Asset Order (together, the "Substitute Asset Orders") directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Asset Orders, notice of the United States' intent to dispose of the First Substitute Assets and the Second Substitute Assets (together, the "Substitute Assets"), and the requirement that any person asserting a legal interest in the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Assets and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Assets before the United States can have clear title to the Substitute Assets;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the First Substitute Assets was posted on an official government internet site

(www.forfeiture.gov) beginning on January 8, 2025 for thirty (30) consecutive days, through February 6, 2025 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on November 17, 2025 (D.E. 81);

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Second Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on May 22, 2025 for thirty (30) consecutive days, through June 20, 2025 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on November 17, 2025 (D.E. 82);

WHEREAS, thirty (30) days have expired since final publication of the Notices of Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Assets have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Substitute Assets; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notices of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Substitute Assets is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

3

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Assets.

3. The United States Marshals Service (or its designee) shall take possession of the Substitute Assets and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

SO ORDERED:

*Paul A. Engelmayer*

HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

November 18, 2025
New York, New York