**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

v.

RONALD BAUER

              Defendant.

**No.  1:22-cr-00155-PAE**

## <u>MOTION FOR A MORE SPECIFIC BOP FACILITY RECOMMENDATION</u>

Ronald Bauer is due to report for his 20-month prison sentence on October 5, 2026.  The Court's judgment recommends that the BOP designate Mr. Bauer to "FCI Otisville Camp, FCI Allenwood Low, FCI Danbury Low, or as close to a major east coast city as possible, to facilitate family visits."  ECF No. 65, at p. 2.  We believe it was the Court's intention to recommend that the BOP designate Mr. Bauer to a low security facility or a camp, as would be typical for a defendant who pled guilty to a non-violent financial crime, has no prior criminal record, and does not present a security risk.  The BOP, however, appears to have misunderstood the Court's intention.  Apparently focusing on the words "as close to a major east coast city as possible," the BOP chose to designate Mr. Bauer to serve his sentence in the federal correctional facility that literally is closest to JFK International Airport—MDC Brooklyn.

MDC Brooklyn is not designed to house a low-risk defendant for a 20-month prison sentence.  The facility primarily is used for temporary pre-trial detention, and it has been criticized by judges for "dangerous, barbaric conditions."  *United States v. Colucci*, 743 F. Supp. 3d 452, 453 (E.D.N.Y. 2024).  In a recent high-profile financial fraud prosecution, Judge Cogan found that the defendant's conduct warranted a "short custodial sentence" but chose instead to impose a sentence of home confinement, based entirely on a concern that the BOP would designate the

defendant to MDC Brooklyn.  *See* Sentencing Hearing, United States v. Cogan, No. 16-cr-640 (E.D.N.Y.), ECF No. 1057, at 50:21-51:19 (Aug. 8, 2024).  In imposing a 20-month sentence on Mr. Bauer, we do not think this Court contemplated that Mr. Bauer would serve out that sentence at MDC Brooklyn.

Undersigned counsel has been working with a BOP expert—attorney Rachel Winkler, whose affidavit is attached to this motion—to try to get BOP to re-designate Mr. Bauer to a more appropriate facility.  Undersigned counsel believes that, if the Court enters an order recommending FCI Otisville Camp exclusively, this will go a long way toward convincing the BOP to designate Mr. Bauer to that facility.  We therefore respectfully request that the Court, either through an amended judgment or a new docket entry, specifically and exclusively recommend that Mr. Bauer be designated to FCI Otisville Camp based on (1) the lack of risk that he presents, and (2) his personal, family, and religious circumstances.  If the Court deems it appropriate, we also request that the Court state in its order that MDC Brooklyn is not suitable facility for Mr. Bauer to serve a 20-month sentence.

I conferred with government counsel, and they have no objection to this motion.

Respectfully submitted,

Dated: July 27, 2026

/s/ Aaron M. Katz
Aaron M. Katz
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6305
akatz@aaronkatzlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion was served on government counsel via the CM/ECF system.

/s/ Aaron M. Katz